UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

IN RE:

MARK GIRARD HAEBERLE and                               CASE NO. 08-10374
NOEL LEIGH HAEBERLE

DEBTORS

U.S. TRUSTEE                                           PLAINTIFF

v.                                                     ADV. NO. 08-1016

MARK GIRARD HAEBERLE and
NOEL LEIGH HAEBERLE                                    DEFENDANTS

**MEMORANDUM OPINION**

This adversary proceeding having come before the Court for trial on March 17, 2009, and the matter having been taken under submission, the Court hereby issues this Memorandum Opinion.

**Facts**

1. Plaintiff, Richard F. Clippard, is the duly appointed United States Trustee for the Eastern District of Kentucky pursuant to 29 U.S.C. § 581(a)(8).

2. Mark and Noel Haeberle are individuals whose last known address is 100 Jillian Court, Edinburgh, VA 22824.

3. On July 23, 2007, the Defendants filed a Chapter 7 voluntary petition in the Eastern District of Kentucky, Case. No. 08-10374.

4. On July 24, 2007, Phaedra Spradlin was appointed the Chapter 7 Trustee.

5. On July 23, 2007, the Defendants' homeowner's insurance policy listed $105,925.00 worth of jewelry.

6. On July 23, 2007, the Defendants' homeowner's policy listed $14,819.00 worth of home furnishings including silver, dishes, and

antiques.

    7. The Defendants' homeowner's insurance policy was in effect on July 23, 2007.

    8. The original Schedule B filed with the petition and schedules, lists $10,000.00 in "misc jewelry."

    9. The original Schedule B filed with the petition and schedules, lists no antiques or other collectibles.

    10. On September 23, 2008, an amendment to Schedule B was filed listing $21,550.00 in household goods and furnishings.

    11. The schedules were signed by the Debtors under penalty of perjury that they had read the schedules, and that the schedules were true and correct to the best of their knowledge, information, and belief.

    12. The Chapter 7 Trustee made a demand for the items listed on the insurance policy, and was provided a list by the Defendants of which items were still in their possession to be turned over, and which were not.

    13. On January 24, 2009, the following items, which were turned over by the Defendants, were auctioned for the amount listed, under direction of the Chapter 7 Trustee:

| Item | Amount |
|---|---|
| 9 butter knives | $ 35.00 |
| 2 teaspoons, 1 fork and 3 iced tea spoons | $ 35.00 |
| 6 cocktail forks | $ 7.50 |
| 1 tablespoon/butter knife | $ 22.50 |
| 3 teaspoons | $ 12.00 |
| 2 dimi spoons | $ 7.50 |
| 2 antique Sheffield candlelabras | $325.00 |
| 4 piece tea set | $750.00 |

| | |
|---|---:|
| 1 wire basket and candy dish | $ 15.00 |
| 3 piece tea set | $200.00 |
| 1 domed butter dish | $ 35.00 |
| 1 gravy bowl and tray | $ 15.00 |
| 1 Epergne antique | $100.00 |
| 1 gallery tray | $175.00 |
| 1 antique picture frame | $ 12.50 |
| 1 Tiffany tray | $100.00 |
| 2 Hunt candle holders | $ 30.00 |
| 2 pitchers, cream, sugar, tray | $ 45.00 |

For a total of $1,922.00 for antiques and collectibles

| | |
|---|---:|
| 1 wedding ring | $    750.00 |
| 1 pendant with diamond sapphires | $    750.00 |
| 1 diamond earring | $ 2,750.00 |
| 1 ruby/diamond ring guard | $    425.00 |
| 1 sapphire/diamond earrings | $    700.00 |
| 1 15" strand pearls .5mm diamond clasp | $    725.00 |
| 1 18k YG ring diamond and rubies | $ 2,200.00 |
| 1 14k YG swirl earring jackets | $    600.00 |
| 1 4.8ct emerald ring with diamonds | $ 3,500.00 |
| 1 Rolex YG watch with diamonds | $10,000.00 |
| 1 platinum ring w/5.5 carat pear shaped diamond and side baguettes | $28,000.00 |

For a total of $50,400.00 for jewelry

14. The Rolex watch was purchased at the auction by Mrs. Haeberle for $10,000.00.

15. Mark Haeberle was deposed by the U.S. Trustee on December 15, 2008. He testified that he would value the jewelry as being worth

$10,000.00.

16. Mrs. Haeberle was deposed by the U.S. Trustee on December 19, 2008. She testified that she thought a $10,000.00 value for the jewelry was "pretty right on."

17. The Haeberles were deposed a second time by the U.S. Trustee on February 16, 2009. Mrs. Haeberle testified that the 5.5 carat engagement ring belonged to her daughter, Caroline.

18. At the trial, Caroline Haeberle testified that the 5.5 carat engagement ring was her graduation present, but the ring was kept in the family safe. She also testified that her parents had given her an automobile, but that she doesn't know who has title on the vehicle or whose name the insurance is in.

### **Conclusions of Law**

The U.S. Trustee asks this Court to deny a discharge pursuant to 11 U.S.C. § 727(a)(4) based upon Defendants knowingly and fraudulently making a false oath when they grossly undervalued their jewelry, antiques and collectibles on Schedule B. The U.S. Trustee also asks this Court to deny a discharge pursuant to 11 U.S.C. § 727(a)(2) for concealing jewelry and other personal property far in excess value of the property listed in Schedule B.

The burden of proof is on the U.S. Trustee. *See* Fed. R. Bankr. P. 4005. The burden may be met under a preponderance of evidence standard. *See* In re Adams, 31 F.3d 389 (6th Cir. 1994).

Here, the Defendants' homeowner's insurance policy listed $105,925.00 worth of jewelry, while the original Schedule B filed with the petition and schedules, listed $10,000.00 in "misc jewelry", and the Chapter 7 Trustee sold the jewelry for $50,400.00. These acts are enough for the Court to conclude that the U.S. Trustee has met the

burden of proof that Defendants knowingly and fraudulently made a false oath when they grossly undervalued their jewelry, antiques and collectibles on Schedule B.

Also, the Court finds that the Defendants concealed jewelry and other personal property far in excess value of the property listed in Schedule B as the Chapter 7 Trustee had to make a demand for valuable items listed on the insurance policy which had not been turned over.

Defendants' primary defense is that the most expensive item of jewelry is owned by the Defendants' daughter pursuant to a gift to her from the Defendants. However, this argument is not convincing. Defendants admit that for the daughter to have received the gift that the gift must have been complete, delivered, and irrevocable. Additionally, Defendants admit that the gift is not complete until the recipient assumes control over the gift. Here, the ring was kept in the family safe. Thus the evidence is that the gift was not complete, was not delivered, and was not irrevocable. The daughter has never had control over the gift. Also, from the daughter's testimony regarding the vehicle, it is clear that the daughter has little or no understanding of what it takes to complete a gift.

For those reasons, judgment will be entered for the U.S. Trustee. Debtors shall be denied a discharge pursuant to 11 U.S.C. § 727(a)(2) and (a)(4). This Memorandum Opinion constitute's the Court's Findings of Fact and Conclusions of Law, a separate order shall be entered accordingly.


COPIES TO:

Debtors
John O. Morgan, Jr., Esq.
Rachelle C. Williams, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Joseph M. Scott*
**Bankruptcy Judge**
**Dated: Tuesday, April 07, 2009**
**(jms)**